# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**HENRY L. MADISON,**                                                                   **PLAINTIFF**

**V.**                                                                                        **NO. 4:08CV009-A-D**

**MDOC, et al.,**                                                                            **DEFENDANT**

## ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE

Upon further consideration of the complaint and the files and records in this action, the court finds that an order dated January 16, 2008, required Plaintiff to sign and return certain forms pertaining to the Prison Litigation Reform Act within thirty (20) days. Plaintiff was warned that his failure to timely comply with the requirements of the order might lead to dismissal of his lawsuit.

Although more than twenty (20) days has elapsed, Plaintiff has failed to submit the forms as ordered, specifically the Acknowledgment of Receipt and Certification to Continue (PSP-3). Rule 4l(b), Federal Rules of Civil Procedure, provides, *inter alia*,

> For failure of the plaintiff to prosecute or to comply with these Rules or any order of the court defendant may move for dismissal of an action or of any claim against him.

Even though the Rule addresses dismissal on motion of a defendant, it is now settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626 (l962); *Lopez v. Aransas County Independent School District*, 570 F.2d 54l, 544 (5 Cir. l978). Rule 4l(b) further provides, *inter alia*:

> Unless the court in its order for dismissal otherwise specifies, dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule l9, operates as an adjudication upon the merits.

Since Defendants have never been called upon to respond to Plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of Plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. l976).

Therefore, it is hereby

**ORDERED** that the cause be DISMISSED without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for failure to comply with an order of the court and this matter is CLOSED.

THIS the  3rd  day of March, 2008.

                            **/s/ Sharion Aycock**
                            **U.S. DISTRICT JUDGE**